BLACKBURN v. UNITED STATES.
No. 431–52.

United States Court of Claims.
Dec. 1, 1953.

Charles Bragman, Arlington, Va., Claude Pepper, Washington, D. C., on the briefs, for plaintiff.

Lawrence S. Smith, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

This case is similar in some respects to this plaintiff's case No. 417–52, decided this day, but different in some respects. The contract in this case was for the supplying of milk products to the Government's MacDill Field, Tampa, Florida, which station was a base of the Army Air Force. In this case, as in the other one, the plaintiff submitted his bid on June 4, 1946, so he had the same problem as to the impending demise of the O. P. A. on June 30. He inserted in his bid the same provision which he inserted in the Veterans' Administration Hospital bid.

The bid was accepted on June 28, 1946, but instead of receiving promptly a copy of a contract containing the proviso which he had inserted in his bid, as had occurred in the Veterans' Administration Hospital case, he received a letter July 21, 1946, from the Base Purchasing and Contracting Section at MacDill Field, which said:

"In view of the recent O. P. A. increase allowed on milk and subsequent increase approved by your local Dairy Association, it is requested that you call at this office at your earliest convenience relative to drafting amendments to the above contract covering the adjustments of the unit price of milk."

The plaintiff went to see the contracting officer at MacDill Field and was shown some proposed amendments to replace certain of the pages on which he had made his bid, and which normally would have remained in the contract. He was also told that the amendments covering the "adjustments of the unit price of milk" were not yet ready but would later be prepared and executed, and that in the meantime the amended pages which had already been prepared eliminated the provision about the O. P. A. which he had inserted in his bid, because it was thought to be an unsatisfactory way to provide for the proposed increase. He was asked to sign these amended pages and did so upon the condition and with the understanding that the price increases would be specifically provided for by further amendments as he had been told.

Upon the plaintiff's repeated inquiries about the contemplated amendments, the Government's agents at MacDill Field told the plaintiff that because of lack of authority, they had referred the question to higher headquarters. They finally told the plaintiff that the amendment had been rejected by higher headquarters.

The plaintiff asserts that his consent to the elimination of the special provision in his bid was obtained by a promise to insert another satisfactory amend-

ment to replace it and that, since that was not done, he has a right to the benefit of the provision as originally inserted.

The plaintiff billed the Government at the higher prices fixed by the Florida Milk Commission, but was paid only the prices named in his bid. He sues for $4,491.60.

The Government makes a motion for summary judgment, on the ground that the case presents no genuine issue as to a material fact. For the purposes of the motion, the Government assumes that the plaintiff's special provision in his bid remained in his contract, because no substitute for it was ever inserted. The Government therefore makes the same argument in this case as in the Veterans' Administration Hospital case.

In the Veterans' Administration Hospital case, the plaintiff alleges that he and the Government's contracting officer had a common understanding as to the meaning of his inserted language. In this case he asserts only that he intended the language to have a certain meaning. But in this case, as in the other, deliveries under the contract started July 1, 1946; the Florida Milk Commission increased its prices on July 10; the plaintiff immediately claimed the right to increase his prices; the Government's contracting officer wrote the plaintiff on July 19 about drafting amendments covering adjustments of the prices, and promised him on July 22 that such amendments would be inserted in the contracts. If these allegations are proved, it would appear that the Government's contracting officer knew what the plaintiff's inserted language meant to the plaintiff, and agreed that an amendment for a like purpose would be drafted and inserted in the contract.

The defendant's motion for summary judgment is denied.

Is is so ordered.

JONES, Chief Judge, and WHITAKER and LITTLETON, Judges, concur.